# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

26-1749

## UNITED STATES OF AMERICA,

Appellee,

v.

## LUCAS WOODS,

Appellant.

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
HONORABLE STEPHEN H. LOCHER, U.S. DISTRICT COURT JUDGE*

## APPELLANT'S BRIEF

Nova D. Janssen
*FEDERAL PUBLIC DEFENDER'S OFFICE*
400 Locust Street, Suite 340
Des Moines, IA 50309
PHONE: (515) 309-9610
FAX: (515) 309-9625
EMAIL: nova_janssen@fd.org

ATTORNEY FOR APPELLANT

**SUMMARY OF THE CASE (NO ORAL ARGUMENT REQUESTED)**

Lucas Woods pled guilty to receiving, distributing, and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). On April 6, 2026, the district court sentenced him to three concurrent terms of 210 months in prison, at the low end of Mr. Woods's 210–262-month advisory Guidelines sentencing range. The court also imposed concurrent five-year terms of supervised release with numerous standard and special conditions, forfeited certain items, and ordered $35,000 in restitution and a $300 special assessment. Mr. Woods now appeals.

After review of all court papers and transcripts, counsel respectfully submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred by imposing a substantively unreasonable sentence that is greater than necessary when considering the 18 U.S.C. § 3553(a) factors.

Because this brief is filed pursuant to *Anders,* counsel does not request oral argument.

Appellate Case: 26-1749    Page: 2    Date Filed: 08/05/2026 Entry ID: 5668889

**TABLE OF CONTENTS**

SUMMARY OF THE CASE.................................................................................ii

TABLE OF AUTHORITIES .......................................................................... iv

JURISDICTIONAL STATEMENT.................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...................... 2

STATEMENT OF THE CASE ........................................................................ 3

SUMMARY OF THE ARGUMENT................................................................8

ARGUMENT.................................................................................................. 9

   I.  THE DISTRICT COURT IMPOSED A SUBSTANTIVELY
      UNREASONABLE SENTENCE ................................................................ 9

CONCLUSION.............................................................................................13

CERTIFICATE OF FILING AND SERVICE ...............................................14

Fed. R. App. P. 32(a)(7) AND 8TH CIR. RULE 28a(c) CERTIFICATION...15

Appellate Case: 26-1749   Page: 3   Date Filed: 08/05/2026 Entry ID: 5668889

# TABLE OF AUTHORITIES

**Federal Statutes**

18 U.S.C. § 2252A(a)(2) ............................................................ ii, 1, 3-4

18 U.S.C. § 2252 (a)(5)(B) ......................................................... ii, 1, 3-4

18 U.S.C. § 2252A(b)(1) ............................................................ ii, 1, 3-4

18 U.S.C. § 2252A(b)(2) ........................................................... ii, 1, 3-4

18 U.S.C. § 3553(a) ...................................................... ii, 2, 3, 6, 8, 9, 11, 12

**Federal Cases**

*Anders v. California*, 386 U.S. 738 (1967) .......................................... ii, 2, 9

*Gall v. United States*, 552 U.S. 38 (2007) ............................................. 2, 12

*Kimbrough v. United States,* 552 U.S. 85 (2007) ..................................... 2, 12

*Rita v. United States,* 551 U.S. 338 (2007) ........................................... 11-12

*United States v. Dautovic*, 763 F.3d 927 (8th Cir. 2014) ........................... 10

*United States v. Feemster*, 572 F.3d 455 (8th Cir. 2009) (en banc) ...... 10, 13

*United States v. Green*, 691 F.3d 960 (8th Cir. 2012) ................................. 9

*United States v. Jeffries*, 615 F.3d 909 (8th Cir. 2010) ............................... 9

*United States v. Kane*, 639 F.3d 1121 (8th Cir. 2011) ................................ 10

*United States v. Manning*, 738 F.3d 937 (8th Cir. 2014) ............................. 9

*United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016) ........................... 10

*United States v. Miller,* 557 F.3d 910 (8th Cir. 2009) ................................. 9

*United States v. Miner*, 544 F.3d 930 (8th Cir. 2008) ...................... 9, 10-11

*United States v. Pizano*, 403 F.3d 991 (8th Cir. 2005) ................................ 9

*United States v. Shuler*, 598 F.3d 444 (8th Cir. 2010) ............................. 9-10

*United States v. VandeBrake*, 679 F.3d 1030 (8th Cir. 2012) ..................... 10

*United States v. Wanna*, 744 F.3d 584, 589 (8th Cir. 2014) ....................... 13

**Federal Sentencing Guidelines**

USSG § 2G2.2(b)(5) ....................................................................... 5

Appellate Case: 26-1749    Page: 4    Date Filed: 08/05/2026 Entry ID: 5668889

# JURISDICTIONAL STATEMENT

<u>The decision appealed</u>: This is a direct appeal by Lucas Woods, following a guilty plea and sentence in the Southern District of Iowa on a three-count indictment charging receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). Mr. Woods appeals his sentence.

<u>Jurisdiction of the court below</u>: The United States District Court had jurisdiction over all aspects of Mr. Woods's federal criminal prosecution pursuant to 18 U.S.C. § 3231 (2024): "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

<u>Jurisdiction of this Court</u>: This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291 (2024): "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"

Mr. Woods filed a timely notice of appeal on April 17, 2026, from the judgment entered April 6, 2026. *See* Fed. R. App. P. 4(b)(1)(A)(i).

1

# STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

## I. WHETHER THE DISTRICT COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE.

1.    *Anders v. California*, 386 U.S. 738 (1967),

2.    *Gall v. United States*, 552 U.S. 38 (2007)

3.    *Kimbrough v. United States*, 552 U.S. 85 (2007)

4.    18 U.S.C. § 3553(a)

Appellate Case: 26-1749    Page: 6    Date Filed: 08/05/2026 Entry ID: 5668889

**STATEMENT OF THE CASE**

<u>Nature of the Case</u>: This is a direct appeal by defendant, Lucas Woods, following a guilty plea and sentence in the Southern District of Iowa on three counts of receiving, distributing, and possessing child pornography. Mr. Woods appeals, arguing the district court imposed substantively unreasonable sentences that are greater than necessary when fairly considering the 18 U.S.C. § 3553(a) factors.

<u>Factual and Procedural Background</u>:  In April 2024, law enforcement received a CyberTip that Mr. Woods had sent an image over Facebook that qualified as child sex abuse material (CSAM). PSR ¶ 9.[1] Further investigation led authorities to execute several search warrants which uncovered additional evidence of possession, receipt, and distribution of CSAM on Mr. Woods's tablet and cellular telephone. *Id.* ¶¶ 10–18.

On November 5, 2024, a grand jury in the Southern District of Iowa issued a three-count indictment charging Mr. Woods with receiving,

---

[1]  In this brief, the following abbreviations will be used:

"R. Doc." — district court clerk's record from case number 3:24-cr-00071-SHL-SBJ;

"PSR" — Final Presentence Report dated May 30, 2025 (R. Doc. 37), followed by the page or paragraph number, as relevant;

"Rev. PSR" — Revised Final Presentence Report dated April 6, 2026 (R. Doc. 74), followed by the page or paragraph number, as relevant; and

"Sent. Tr." — Sentencing hearing transcript (R. Doc. 85), followed by page number.

Appellate Case: 26-1749     Page: 7     Date Filed: 08/05/2026 Entry ID: 5668889

distributing, and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). R. Doc. 2; PSR ¶ 1. The indictment also contained a notice of forfeiture for a cellular telephone and a tablet.[2] R. Doc. 2, p. 4; PSR ¶ 2. On February 10, 2025, he appeared before a United States magistrate judge and pled guilty to all three counts of the indictment without benefit of a written plea agreement with the government. R. Docs. 25–26; PSR ¶¶ 3–4; *see generally* Plea. Tr. The district court adopted the magistrate's report and recommendation (R. Doc. 27) and formally accepted Mr. Woods's guilty plea on February 24, 2025. R. Doc. 29; PSR ¶ 3.

The Final PSR prepared in advance of sentencing applied the 2024 Sentencing Guidelines and grouped all three counts. PSR ¶¶ 27–28. The adjusted offense level was calculated as 45, comprised of base offense level 22 plus twenty-three points of specific offense characteristics. PSR ¶¶ 29–39. With three levels off for acceptance of responsibility, the total offense level was 42. *Id*. ¶¶ 41–43. Combined with Mr. Woods's criminal history category I, based on zero criminal history points, the advisory guideline

---

[2] The district court entered an order granting preliminary forfeiture of these items on May 1, 2025, pursuant to a government motion. R. Docs. 34–35.

Appellate Case: 26-1749   Page: 8   Date Filed: 08/05/2026 Entry ID: 5668889

sentencing range calculated in the Final PSR was 360–720 months.  PSR ¶¶ 56, 101.

The government had no objections to a draft version of the PSR.  R. Doc. 31.  Through his attorney, Mr. Woods objected to certain factual assertions in the report and to its inclusion of paragraphs 44–53, but initially did not contest the Guideline calculation.  R. Doc. 36.  On August 14, 2025, his attorney filed a motion to withdraw based on a breakdown in the attorney-client relationship.  R. Doc. 44.  After a hearing, the court allowed Mr. Woods's attorney to withdraw and appointed substitute counsel for him.  R. Docs. 46, 49.  Mr. Woods's new counsel filed a memorandum in advance of the sentencing hearing arguing, amongst other things, that the five-level "pattern" enhancement in USSG § 2G2.2(b)(5) should not apply.  R. Doc. 69, at 3–4.

At the start of his April 6, 2026, sentencing hearing, the government agreed the pattern enhancement did not apply and the district court amended the PSR accordingly, lowering the total offense level to 37 and the sentencing range to 210–262 months.  Sent. Tr. pp. 3–4; *see* Rev. PSR[3] ¶¶ 33, 39, 43, 101.  The court also amended several paragraphs of the PSR to

---

[3] A revised final presentence report incorporating the court's objection rulings was prepared after the sentencing hearing.  *See* Rev. PSR.

Appellate Case: 26-1749     Page: 9     Date Filed: 08/05/2026 Entry ID: 5668889

include missing information or to adjust certain characterizations that were not accurate. Sent. Tr. pp. 5–9; *see* Rev. PSR ¶¶ 6, 15, 16. It struck paragraphs 44–53 as requested by Mr. Woods. Sent. Tr. p. 9; *see* Rev. PSR ¶¶ 44–53. The court received Mr. Woods's Exhibits A–J (R. Docs. 70, 72) and government Exhibits 1 and 1a (R. Doc. 73) into evidence. Sent. Tr. pp. 6–7, 10.

Mr. Woods's counsel argued in favor of a variance below the 210–262-month advisory Guidelines sentencing range and Mr. Woods allocuted. Sent. Tr. pp. 15–18. The government advocated for a sentence within the Guidelines range. *Id*. pp. 18–21. After recounting its assessment of the 18 U.S.C. § 3553(a) factors, the district court determined that concurrent terms of 210 months' imprisonment, followed by concurrent five-year terms of supervised release with numerous uncontested standard and special conditions, were sufficient but not greater than necessary. Sent. Tr. at 21–27; R. Doc. 77, at 2–8. With the parties' agreement, the court ordered $5,000 restitution for one identified victim and $3,000 for each of ten others. Sent. Tr. pp. 10–12; R. Doc. 77, p. 8; R. Doc. 78. It also ordered final forfeiture of the tablet and cellular telephone and a $300 special assessment. Sent. Tr. p. 26; R. Doc. 77, pp. 8–9.

6

Mr. Woods filed a timely notice of appeal on April 17, 2026.  R. Doc. 79.

Appellate Case: 26-1749     Page: 11     Date Filed: 08/05/2026 Entry ID: 5668889

## SUMMARY OF THE ARGUMENT

Mr. Woods argues in this appeal that the district court erred by imposing a substantively unreasonable imprisonment sentence. Although Mr. Woods's sentence was at the bottom of his advisory Guidelines sentencing range, a total of 210 months in prison, followed by five years of supervised release, is excessive. When properly considering the 18 U.S.C. § 3553(a) factors, a shorter imprisonment term would have been sufficient, but not greater than necessary.

8

Appellate Case: 26-1749    Page: 12    Date Filed: 08/05/2026 Entry ID: 5668889

**ARGUMENT**

This brief is filed pursuant to the direction of *Anders v. California*, 386 U.S. 738 (1967). Counsel directs the Court to "anything in the record that might arguably support the appeal." *Id.* at 744.

**I. THE DISTRICT COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE.**

Standard of Review:   Mr. Woods challenges his sentence as substantively unreasonable.  "A defendant need not object to preserve an attack on the length of the sentence imposed if he alleges only that the District Court erred in weighing the § 3553(a) factors."  *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).

Sentences are reviewed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Jeffries*, 615 F.3d 909, 910 (8th Cir. 2010); *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008); *United States v. Pizano*, 403 F.3d 991, 995 (8th Cir. 2005).  This is the equivalent of an abuse of discretion review.  *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) ("We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard."); *accord United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014).  This "narrow and deferential" review means that only an "unusual case" will warrant a

9

finding of a substantively unreasonable sentence. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010). Variance decisions are also reviewed "under a standard akin to an abuse-of-discretion standard," with the Court of Appeals "cognizant that it will be the unusual case when [it] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012) (quotation marks and some citations omitted) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)).

Substantive reasonableness review is not a "hollow exercise." *United States v. Kane*, 639 F.3d 1121, 1135 (8th Cir. 2011); *see also United States v. Martinez*, 821 F.3d 984, 989–90 (8th Cir. 2016) (reversing sentence because district court erred in finding defendant was a career offender, and the alternative basis for sentence, specifically an upward variance, resulted in an unreasonable sentence); *United States v. Dautovic*, 763 F.3d 927, 934–35 (8th Cir. 2014) (finding 20-month sentence substantively unreasonable). An extreme sentence that reflects an "unreasonable weighing" of the relevant sentencing factors remains subject to correction on appeal. *Dautovic*, 763 F.3d at 934–35. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a

10

relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Miner*, 544 F.3d at 932.

**<u>Merits</u>**: Mr. Woods respectfully submits that the district court abused its discretion by selecting concurrent terms of 210-months' imprisonment and five years of supervised release as sufficient but not greater than necessary. In particular, the district court failed to give sufficient weight to mitigating sentencing factors, failed to appropriately weigh all factors in the case, and imposed a sentence that is substantially greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). As such, Mr. Woods's sentence is substantively unreasonable, and a reverse and remand order is warranted.

A sentence of 210 months in prison is far too lengthy when considering the facts and circumstances of this case. Title 18, United States Code, § 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, upon consideration of various sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, general and specific deterrence, the need for the sentence imposed, and the kinds of sentences available. *See* 18 U.S.C. § 3553(a). Sentencing judges may also entertain policy

11

considerations pertinent to the relevant guideline section, *Rita v. United States,* 551 U.S. 338, 347–48 (2007), or vary outside the Guidelines range based on a policy disagreement with the underlying guideline section. *Kimbrough v. United States,* 552 U.S. 85, 110–11 (2007). The sentencing court cannot "presume that the guidelines range is reasonable"; rather, it "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary." *Gall v. United States*, 552 U.S. 38, 50 (2007); *but see Rita*, 551 U.S. at 351 (unlike district courts, *appellate* courts may presume that a sentence within a properly calculated Guidelines range is reasonable).

Here, the district court did not give sufficient weight in its sentencing analysis to the many mitigating factors supporting a variance below the 210–262-month advisory Guidelines sentencing range. In particular, the court should have given more weight to Mr. Woods's youthful age, military service, lack of criminal history, traumatic childhood, and mental health concerns. *See* PSR ¶¶ 55, 75, 84; R. Doc. 69, pp. 7–11.

The district court evinced a clear error of judgment in weighing the § 3553(a) factors, as the 210-month sentence imposed in this case is greater than necessary under the facts and circumstances, in light of Mr. Woods's

12

personal characteristics and history, and upon consideration of all other relevant factors.[4] As such, the sentence is substantively unreasonable.

**CONCLUSION**

For the reasons stated above, Mr. Woods respectfully requests that this Court vacate the judgment of the district court and remand the case for resentencing.

Respectfully submitted,

*/s/ Nova D. Janssen*
Nova D. Janssen
Assistant Federal Public Defender
Federal Public Defender's Office
400 Locust Street, Suite 340
Des Moines, IA 50309
PHONE: (515) 309-9610
FAX: (515) 309-9625
EMAIL: nova_janssen@fd.org

---

[4] *But see United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."); *see also United States v. Wanna*, 744 F.3d 584, 589 (8th Cir. 2014) (district court does not abuse its discretion regarding variance requests when it considers the arguments and knows of its authority to vary).

13

# CERTIFICATE OF FILING AND SERVICE

I certify that on August 4, 2026, I electronically filed the foregoing brief and addendum with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users were served by the CM/ECF system. The brief and addendum were scanned for viruses using Symantec Endpoint Protection 20.923.00. I also certify that after receipt of notice that the brief and addendum are filed, I will serve a paper copy of this brief on defendant-appellant by mailing him a copy at FCI Oxford, P.O. Box 1000, Oxford, WI 53952. I further certify after receipt of notice that the brief and addendum are filed, I will transmit 10 paper copies of the brief and addendum to the Clerk of Court via Federal Express and 1 paper copy to the appellee via regular mail as noted below.

Respectfully submitted,

*/s/ Nova D. Janssen*
Nova D. Janssen
Assistant Federal Public Defender
Federal Public Defender's Office
400 Locust Street, Suite 340
Des Moines, IA 50309
PHONE: (515) 309-9610
FAX: (515) 309-9625
EMAIL: nova_janssen@fd.org

Copy to:
Melisa K. Zaehringer, AUSA
U.S. Attorney's Office
131 E. Fourth Street
Davenport, IA 52801

14

Appellate Case: 26-1749    Page: 18    Date Filed: 08/05/2026 Entry ID: 5668889

**Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c)**

**CERTIFICATION**

I certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7). The brief uses a proportional space, 14-point Georgia font. Based on a line count under Microsoft Word Version 16.0.20131.20152, the brief contains 216 lines and 2,181 words, excluding the table of contents, table of authorities, any addendum, and certificates of counsel.

Respectfully submitted,

*/s/ Nova D. Janssen*
Nova D. Janssen
Assistant Federal Public Defender
Federal Public Defender's Office
400 Locust Street, Suite 340
Des Moines, IA 50309
PHONE: (515) 309-9610
FAX: (515) 309-9625
EMAIL: nova_janssen@fd.org

Appellate Case: 26-1749     Page: 19     Date Filed: 08/05/2026 Entry ID: 5668889